García *v.* San Juan Light & Transit Co.

Apelación procedente de la Corte de Distrito de
San Juan, Sección Primera.

No. 662.—Resuelto en mayo 23, 1911.

Opinión del Juez Sentenciador—Transcripción de Autos.—La opinión del juez sentenciador no es parte necesaria del récord, pero si existe, es buena práctica incluirla en la transcripción de autos que se eleva a esta Corte Suprema, para mayor ilustración de la misma.

NEGLIGENCIA DEL DEMANDADO—DAÑOS Y PERJUICIOS.—En reclamaciones sobre daños y perjuicios basadas en la negligencia del demandado, no basta demostrar que el demandado ha sido de algún modo negligente, sino que es necesario demostrar además, que esa negligencia fué la causa verdadera del accidente.

NEGLIGENCIA CONTRIBUTORIA—DAÑOS Y PERJUICIOS—ACCIDENTE.—Alegado por el demandado que el accidente se debió a la propia negligencia del demandante y demostrando la prueba que tal negligencia existió en efecto en tal grado que sin ella no pudo ocurrir el accidente; el demandante no tiene derecho a percibir indemnización alguna por los daños y perjuicios que sufriera.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Bosch y Soto.*

Abogado del apelado: *Sr. Henry F. Hord.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia de la Corte de Distrito de San Juan, sección primera, declarando sin lugar la demanda entablada por Esteban García Cabrera contra The San Juan Light and Transit Co., sobre indemnización por daños y perjuicios. En la demanda se alega que el 9 de octubre de 1909 como a las once de la noche, el demandante que ejerce la profesión de médico, regresaba de Guayama e hizo parar su automóvil entre las paradas 17 y 18, con el fin de visitar un paciente. Que en el momento en que se disponía a cruzar la distancia entre el automóvil y la verja de la casa a donde se dirigía, fué violentamente lanzado contra la carretera por uno de los carros eléctricos de la demandada que, conducido por los agentes de la misma, hacía el recorrido entre San Juan y el Parque, causándole lesiones en el brazo y pierna derecha que le retuvieron en cama y le privaron de dedicarse a su trabajo profesional por espacio de quince días, habiendo sufrido además moral y mentalmente. Que los agentes de la demandada omitieron negligentemente dar las señales de campana acostumbradas, y tan negligente y descuidada era la velocidad dada por dichos agentes a la marcha de dicho carro, que no le fué posible detenerlo hasta una distancia considerable del sitio del accidente, causando con su negligencia y descuido las lesiones recibidas por el de-

mandante. Y que el demandante ha sufrido perjuicios que estima en la cantidad de novecientos dollars más o menos.

La Compañía demandada contestó negando específicamente los hechos esenciales de la demanda y alegando como primera defensa especial que si el demandante recibió algunos o todos los perjuicios, alegados, los recibió por razón de su propia culpa y negligencia y no, por la culpa y negligencia de la demandada ni de sus empleados, y como segunda defensa especial, que si algo ocurrió al demandante de lo alegado por él en la demanda, fué casual e inevitable por parte de la demandada.

La prueba del demandante consistió en su propia declaración y en las declaraciones de los testigos Evaristo Freiría, pasajero del automóvil, Luis Torruellas, chauffeur, Wenceslao Bosch y Manuel Guillermety, pasajeros del carro eléctrico, y Luis Pagani, motorista. Y la prueba de la demandada consistió en la inspección judicial del sitio en donde ocurrió el accidente.

La corte de distrito tomó en consideración las alegaciones, las pruebas y las argumentaciones de los abogados de las partes y dictó sentencia en contra del demandante y a favor de la demandada. Para fundar su sentencia, la corte de distrito emitió una opinión que no se ha incluído en la transcripción de los autos. Aun cuando no puede decirse que el récord no está completo por tal motivo, ya que se ha resuelto por esta misma Corte Suprema que la opinión del tribunal sentenciador no es parte necesaria del récord, hubiera sido mejor práctica incluirla para nuestra mayor ilustración.

Los actos negligentes que el demandante imputa a la demandada son dos, a saber: 1°., no haber tocado la campana, y 2°., conducir el carro a gran velocidad.

Con respecto al primero nada dicen ni el demandante, ni el motorista; el testigo Bosch declara "que no puede recordar si antes del choque tocó señal de campana el motorista"; el testigo Freiría manifiesta "que el troly venía sin tocar el timbre, que ni sintieron campana alguna ni aviso porque esto les

hubiera llamado la atención''; el testigo Torruellas expuso, ''que no vió venir el carro ni oyó sonido de campana,'' y, por último, el testigo Guillermety depuso que ''puede asegurar categóricamente que el troly no tocó campana antes del accidente.''

Y con respecto al segundo, nada dice tampoco el demandante, y los demás testigos declaran en la siguiente forma: *Freiría,* que el troly venía ''con mucha velocidad,'' ''que parecía un relámpago'' y que ''paró a una distancia larga del sitio donde cogió al doctor''; *Bosch,* que el troly ''iba con bastante velocidad, puesto que corrió después del choque lo menos doscientos metros''; *Torruellas,* ''que el carro iba a mucha velocidad''; *Guillermety* ''que el troly venía muy ligero,'' y *Pagani* ''que el carro venía con bastante velocidad; que salió el testigo de la parada 15 y que no habiendo ningún pasajero por allí, siguió con la velocidad correspondiente, lo que se le tenía ordenado como motorista.''

Apreciando en conjunto dicha prueba, se puede concluir, 1°., que el motorista dejó de tocar la campana, pudiendo apreciarse éste, bajo las circunstancias del caso, como un acto de negligencia imputable a la demandada, y 2°., que el carro eléctrico marchaba rápidamente, sin que existan elementos bastantes para determinar su velocidad.

Pero en casos de esta naturaleza no basta demostrar que la demandada es culpable de negligencia, sino que es necesario demostrar además que esa negligencia fué la causa verdadera del accidente.

De la misma prueba del demandante se deduce que el automóvil caminaba en dirección a San Juan y el carro eléctrico en dirección a Río Piedras; que si bien era de noche, había luz eléctrica en la carretera y además que el automóvil tenía encendidos sus focos; que el automóvil paró como a dos metros de la vía y al bajar de él y al dar el primer paso para dirigirse a la casa del paciente, el doctor fué lanzado por el carro eléctrico a la carretera.

La prueba de la demandada consistió únicamente en la inspección del sitio del suceso. Como resultado de dicha inspección, el juez sentenciador hizo constar en el récord lo siguiente: "que se constituyó en la parada 17 de los carros eléctricos en la carretera de Santurce, la que está frente a la calle del Condado. Desde este punto hasta la casa que iba a visitar el Dr. García Cabrera, demandante, en la fecha del accidente por el que reclama, hay una distancia de unos cincuenta metros en dirección hacia la parada 18. Colocado el juez y los abogados como a dos metros de la vía y frente a la puerta de esta casa, mirando hacia San Juan, se distingue un carro eléctrico a una distancia de 250 a 300 metros y desde la parada 17 hacia la 18 hay una pequeña pendiente que sube hacia la parada 18. Como a unos 20 metros de la puerta de la citada casa y en la carretera, hay un foco eléctrico."

Apreciando la prueba con respecto a los actos del demandante, se concluye fácilmente que si el dicho demandante hubiera mirado a lado y lado de la vía, hubiera visto necesariamente el tren eléctrico y no hubiera ocurrido el accidente, y, además, que siendo súbita la aparición del demandante en la vía, no estaba en poder del motorista evitar el accidente.

Bien se estime, pues, que hubo negligencia contributoria por parte del demandante, de tal naturaleza que sin ella no pudo ocurrir el accidente, ya se aprecie éste como un acto casual que no pudo evitar la demandada, no puede reconocerse al demandante derecho a recobrar de la demandada cantidad alguna por los daños y perjuicios que sufriera, y, al apreciarlo así, la corte sentenciadora no cometió ningún error y en tal virtud su sentencia debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary y Wolf.

El Juez Asociado Sr. Aldrey, no tomó parte en la resolución de este caso.